People v Weathers (2023 NY Slip Op 00741)

People v Weathers

2023 NY Slip Op 00741

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Ind. No. 4843/16 Appeal No. 17278 Case No. 2019-1141 

[*1]The People of the State of New York, Respondent,
v
John Weathers, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephanie Sonsino of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Rachel Bond of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered February 28, 2018, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree and assault in the first degree, and sentencing him to concurrent terms of six years, unanimously reversed, on the law and the facts, the first-degree robbery and assault convictions vacated and those counts dismissed, and the matter remanded for a new trial on the second-degree robbery count only.
The verdict convicting defendant of second-degree robbery was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's accessorial liability for that crime could be inferred from the totality of the evidence. However, in the exercise of our factual review power, we find that the other convictions were against the weight of the evidence. The evidence failed to establish that defendant knew his codefendant was armed, or that defendant intended to aid him in causing serious physical injury (see Penal Law §§ 20.00, 120.10[1], 160.15[1],[2]; People v Bruno, 144 AD3d 413 [1st Dept 2016], lv denied 28 NY3d 1182 [2017]).
Furthermore, defendant is entitled to a new trial on the second-degree robbery count. The People should not have been permitted to submit evidence of defendant's August 9, 2016 statement to a detective regarding defendant's discussion with the victim about the value of the latter's jewelry because this statement was not properly noticed pursuant to CPL 710.30(1)(a). Although the People disclosed the interview generally, they did not disclose this particular statement (see People v St. Martine, 160 AD2d 35, 40-42 [1st Dept 1990], lv denied 76 NY2d 990 [1990]). At a suppression hearing, defendant only moved to suppress other statements not at issue on appeal, and the statement at issue was first revealed during trial testimony, at which time defendant moved for preclusion on the ground of lack of notice.
The error in admitting the statement was not harmless (see People v Greer, 42 NY2d 170, 179 [1977]; see also People v Crimmins, 36 NY2d 230, 241-42 [1975]). Defendant's interest in the jewelry and knowledge of its value was key to establishing an inference of his involvement in planning and executing the robbery, and the only other
evidence in this regard was the victim's testimony, the credibility of which was open to question.
In light of these determinations, we find it unnecessary to reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023